# Anderson v. Caldwell County Sheriff's Office

United States District Court for the Western District of North Carolina, Asheville Division

January 20, 2011, Decided; January 21, 2011, Filed

1:09cv423

**Reporter**
2011 U.S. Dist. LEXIS 7768 *; 2011 WL 198085

JERRY ANDERSON, Plaintiff, vs. CALDWELL COUNTY SHERIFF'S OFFICE, et al., Defendants.

**Subsequent History:** Motion granted by Anderson v. Caldwell County Sheriff's Office, 2011 U.S. Dist. LEXIS 61247 (W.D.N.C., June 8, 2011)

**Counsel:** [*1] For Jerry Anderson, Plaintiff: Lisa Andrew Dubs, LEAD ATTORNEY, Law Offices of Lisa Andrew Dubs, Hickory, NC; Robert M. Elliot, LEAD ATTORNEY, Elliot Pishko Morgan, P.A., Winston-Salem, NC.

For Caldwell County Sheriff's Office, Alan C. Jones, Individually and in his Official Capacity as Sheriff ot the Caldwell County Sheriff's Office, Jeffery Lee Stafford, Individually and in his Official Capacity as a Deputy Sheriff of the Caldwell County Sheriff's Office, Brian Anthony Bennett, Individually and in his Official Capacity as a Deputy Sheriff of the Caldwell County Sheriff's Office, Shelly Hartley, Individually and in her Official Capacity as a Deputy Sheriff of the Caldwell County Sheriff's Office, Christopher Brackett, Individually and in his Official Capacity as a Deputy Sheriff of the Caldwell County Sheriff's Office, Tracy Pyle, Individually and in his Official Capacity as a Deputy Sheriff of the Caldwell County Sheriff's Office, Defendants: James R. Morgan, Jr., LEAD ATTORNEY, Robert T Numbers, II, Womble, Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC.

For Fidelity and Deposit Company of Maryland, The Ohio Casualty, Insurance Company, Defendants: Robert T Numbers, II, Womble, [*2] Carlyle, Sandridge & Rice, PLLC, Winston-Salem, NC.

**Judges:** Dennis L. Howell, United States Magistrate Judge.

**Opinion by:** Dennis L. Howell

# Opinion

**ORDER**

**THIS MATTER** is before the court on plaintiff's Motion for Leave to Designate and Call Additional Expert Witnesses (#64) [1] and the "Consented to Motion to Modify the Scheduling Order to Grant Defendants Additional Time in Which to Designate Expert Witnesses and to Extend Discovery Period" (#67). [2]

While not made apparent in the Motion for Leave to Designate and Call Additional Expert Witnesses (#64), it appears that plaintiff is actually seeking a reopening and second enlargement of the time within which to designate his expert witnesses and serve reports. While [*3] plaintiff discusses at length the importance of each witness as well as the complexity of this case, plaintiff has failed to make any showing under Rule 6(b), Federal Rules of Civil Procedure, of excusable neglect in missing the December 3, 2010, deadline. Rule 6(b) provides, as follows:

> **(b) Extending Time.**
> (1) In General.
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> * * *
> (B) on motion made after the time has expired if the party failed to act because of

---

[1] The court notes that such caption does not accurately reflect the substantive relief sought.

[2] The court notes that such caption does not fully reflect the relief sought, inasmuch as the parties also seek to enlarge the dispositive motions deadline. Such proposed extension of the motions deadline, August 1, 2011, would place the motions deadline only one month in advance of trial on September 1, 2011, thereby necessitating a continuance of trial, which is neither reflected in the caption nor sought in the motion.

excusable neglect.

*Fed.R.Civ.P. 6(b)*. While the court agrees that it can enlarge time contained in a Pretrial Order for good cause as provided by *Rule 16*, the more specific requirements of *Rule 6(b)(1)(B)* apply where, as here, a deadline has already run.

In *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993)*, the Supreme Court provided guidance on the meaning of excusable neglect, [3] as follows:

> Our view that the phrase "excusable neglect" . . . is not limited as petitioner would have it is . . . strongly supported by the Federal Rules of Civil Procedure, which use that phrase in several places.
>
> * * *
>
> Under *Rule 6(b)*, where the specified period [*4] for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the "result of excusable neglect."
> * * *
>
> [T]here is no indication that anything other than the commonly accepted meaning of the phrase was intended by its drafters. It is not surprising, then, that in applying *Rule 6(b)*, the Courts of Appeals have generally recognized that "excusable neglect" may extend to inadvertent delays. Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under *Rule 6(b)* is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant.
> * * *
>
> FN10. In assessing what constitutes "excusable neglect" under *Rule 13(f)*, the lower courts have looked, inter alia, to the good faith of the claimant, the extent of the delay, and the danger of prejudice to the opposing party.

*Id., at 391-92* (citations omitted; footnotes omitted).

In determining whether the neglect was excusable, the court looks to the good faith of the movant, the extent of the delay, and the danger of prejudice to the opposing party. In this case, no showing of excusable neglect has either been made or attempted. As evident by the "Consented to Motion to Modify the Scheduling Order to Grant Defendants Additional Time in Which to Designate Expert Witnesses and to Extend Discovery Period" (#67), reopening and enlarging the time for plaintiff to designate experts would impact all remaining deadlines. Plaintiff's only showing is that this case is complex and that his experts are important; however, such a showing is not a basis for reopening a deadline and enlarging all others, including trial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that

> (1) plaintiff's Motion for Leave to Designate and Call Additional Expert Witnesses (#64) is **DENIED;** and
>
> (2) the "Consented to Motion to Modify the Scheduling Order to Grant Defendants Additional Time in Which to Designate Expert Witnesses and to Extend Discovery Period" (#67) is **DENIED.**

Signed: January 20, 2011

/s/ Dennis L. Howell

Dennis L. Howell

United States Magistrate Judge

---

**End of Document**

---

[3] The Court decision in *Pioneer* dealt with a bankruptcy rule concerning excusable neglect. Portions of the quotation which follow that refer to the bankruptcy [*5] rule have been omitted for the purpose of clarity.