UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:16-CV-686

| | |
|---|---|
| CHARLES TONY CAPE; BRETT ALEXANDER TRANTHAM; MATTHEW HALL; RICK WILLIAMS; NICK HELSM; MATTHEW HUNTER DEAL; and JIMMY PAXTON, for themselves and all other similarly situated persons,<br><br>      Plaintiffs,<br><br> v.<br><br>MAGIC ONE ARS, INC.; MAGIC ONE, LLC; MAGIC ONE CARS OF SC, INC.; MAGIC HOLDINGS, LLC; INTERIOR MAGIC OF SOUTH CAROLINA, INC.; and MICHAEL E. MINOR,<br><br>      Defendants. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS AND MOTION FOR PROTECTIVE ORDER** |

Plaintiffs do not and cannot dispute that they let the Court's deadline to move for certification lapse without *any* mention of filing a motion for certification or the need for additional time to do so. Plaintiffs instead point to "equity" somehow supporting an extension of the Scheduling Order deadlines by (1) presenting misplaced case law regarding excusable neglect and (2) lodging improper attacks on Defendants' discovery conduct to divert attention away from Plaintiffs' own lack of diligence. *See* Plaintiffs' Memorandum in Opposition to Defendants' Motion to Strike Class Allegations and Motion for Protective Order ("Response") at pp. 3-10.

While Defendants appreciate that counsel has "fallen on his sword" by plainly admitting he missed the certification deadline because of his own mistake, the Supreme Court established long-ago that clients should be held accountable for their attorney's acts and omissions. *Link v. Wabash R. Co.,* 370 U.S. 626, 633-34 (1962) (affirming dismissal of action; noting "petitioner

1

voluntarily chose this attorney as his representative in the action and he cannot now avoid the consequences of the acts or omissions of this freely selected agent").[1] Each of Plaintiffs' arguments is meritless and does not excuse their lack of attention to the Scheduling Order.

*First,* Plaintiffs assert that the balancing test established in *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* supports an equitable finding of excusable neglect and enlargement of the time for discovery. 507 U.S. 380 (1993). *Response* at p. 3. Yet, "the most important factor among those identified in *Pioneer* is the reason for the failure to act." *Bolus,* 380 F.R.D. at 157 (citing *Thompson v. E.I. DuPont de Nemours & Co., Inc.,* 76 F.3d 530, 534 (4th Cir.1996) ("Excusable neglect is not easily demonstrated, nor was it intended to be.")). Here, the sole reason Plaintiffs did not timely file a motion for conditional certification is that counsel failed to read the Scheduling Order and instead relied upon the "text-only" order on the CM/ECF system sent via email. While the standard for excusable neglect may be "a somewhat elastic concept" it is not so elastic that counsel can expect the Court to forgive egregious oversights made for no supposed reason other than counsel's lack of attention to dispositive deadlines.

The case law cited by Plaintiffs in which courts applied the *Pioneer* balancing test is inapposite to the instant facts and only further emphasizes that the types of critical facts that support a finding excusable neglect are completely absent here. Plaintiffs first rely upon *Peche v. Keller* for the proposition that a court may nonetheless find excusable neglect even where the reason for delay weighs against it. No. 1:11cv362, 2012 WL 2128095 (M.D.N.C. June 1, 2012).

---

[1] In the event that Plaintiffs' class claims proceed, a question exists whether Plaintiffs are fairly and adequately representing the interests of the absent class based on their failure to seek class certification in a timely fashion. *See, e.g. Rocha v. Yoshinoya West, Inc.,* No. 06cv004870MMM, 2007 WL 8398819 at * 3 (C.D. Cal. Jan. 8, 2007) (finding that counsel's failure to timely move for certification was a "strong indication" that plaintiffs were not adequate class representatives).

*Response* at pp. 3-4. In *Peche,* which has a unique procedural posture, [2] the court ultimately found that because it had "not set a trial date or other hearings, the minimal delay" by defendants in answering would not affect the judicial proceeding or prejudice plaintiff. *Id.* at *7. [3] Here, litigation commenced over a year ago, the parties have engaged in discovery, the Court entered a Scheduling Order that, among other things, even set a trial date. *See* Dkt. No. 35. Plaintiffs' misplaced reliance upon *Peche* demonstrates that if the Court does grant Defendants' Motion to Strike and instead extends the discovery deadlines, there would be a massive impact on the status of this litigation, prejudicing Defendants.

Plaintiffs also rely upon *Bolus v. Fleetwood* to support their argument that the "minimal" amount of time lapsed does not prejudice Defendants. 380 F.R.D. 152, 157-58 (M.D.N.C. 2015). *Response* at 4. In *Bolus,* plaintiff failed to seek enlargement of time within which to re-serve defendants in the Middle District of North Carolina after the case was transferred from Pennsylvania. *Id.* at 154-55. The *Bolus* court specifically noted that "[u]nlike cases where a party has outright failed to take any action within the prescribed period of time, [plaintiff] did serve [d]efendants with the summons issued by the District of Pennsylvania and the Complaint," and indeed, one defendant answered and the other two challenged personal jurisdiction, causing the case to be transferred. *Id.* at 157. *Bolus* presents a nuanced and technical situation that is not found in the instant case. Here, counsel simply failed to calendar the deadline for certification and did

---

[2] Defendant in *Peche* timely filed a dispositive motion to dismiss, which was granted in part such that only two claims survived, further, counsel was hospitalized, underwent emergency surgery, and, upon return, had an increased caseload due to budgetary and staffing concerns. *Id.* at *2-3.
[3] Defendants also note that in *Peche,* the court found *there was not a justifiable reason for delay* where counsel had emergency surgery and was awaiting medical clearance to return to work – a much more egregious situation that demonstrates *there is no excusable reason* for counsel's failure to move for certification here. *Id.* at *7-8.

not move for an enlargement of time until *after* Defendants alerted Plaintiffs to the deadline by conferring on Defendants' intent to file the Motion to Strike.[4]

***Second,*** Plaintiffs try to shift the blame for their own lack of diligence to Defendants by asserting they "could not have possibly" moved for class certification within the time provided due to Defendants' alleged delay in providing certain information in written discovery. *Response* at 7. However, as Defendants' stated in their Opposition to Plaintiffs' Motion to Extend Discovery the "outstanding" information pertains only to individuals who are *not* members of the putative class. Dkt. No. 51 at pp. 5-6. It is difficult to understand how the discovery of information pertaining to individuals who are not members of the putative class impacts moving for class certification and Plaintiffs have offered no explanation otherwise. Even so, Plaintiffs contentions regarding the state of written discovery are irrelevant, since the existence of a discovery dispute does *not* provide a basis to ignore a scheduling order.[5]

To the extent this information is as vital as Plaintiffs' contend (although Defendants steadfastly contend it is not relevant whatsoever), counsel has also failed to act diligently in raising discovery issues with the Court, as Plaintiffs (1) have not filed a motion to compel and (2) have

---

[4] Plaintiffs also repeatedly cite *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* in which the Supreme Court found, under the Federal Rules of Bankruptcy Procedure, that respondent's failure to timely file a proof of claim within the established deadline constituted excusable neglect, noting that the Court "g[a]ve little weight" to counsel's upheaval in his practice at the time of the deadline (e.g. leaving his law firm without access to case files), but found significant that the deadline set forth in the notice to creditors was markedly different from the normal course and that the "dramatic ambiguity" of the "peculiar and inconspicuous placement of the bar date" would have confused even a well-seasoned bankruptcy practitioner. 507 U.S. 380, 398 (1993). Again, like in the other cases relied upon by Plaintiffs, there are particular aggravating circumstances that prompted a finding of excusable neglect in *Pioneer* – none of which are present here.

[5] *See, e.g., Price v. United Guaranty Residential Ins. Co.*, No. 03-2643, 2005 WL 265164 at *5 (N.D. Tex. Feb. 2, 2005) ("the existence of a discovery dispute between the parties did not excuse Price from ignoring the deadline to move for class certification"; affirming ruling striking class allegations); *Marcin Eng'g v. The Founders at Grizzly Ranch,* 219 F.R.D. 516, 521-23 (Colo. 2003) (refusing to modify a scheduling order where defendants were not diligent in raising the discovery disputes with the court and belatedly sought to modify applicable deadlines); *Kramer v. New Orleans Saints*, No. 01-2451, 2002 WL 1163619, at *1 (E.D. La. May 30, 2002) (plaintiff "demonstrated a lack of interest in aggressively pursuing the interests of the putative class in matters of discovery and class certification").

delayed in requesting modification of the Scheduling Order. *Response* at p. 7. The failure to meet the Court's class certification deadlines rests on Plaintiffs and Plaintiffs alone, as "the responsibility and consequence of failing to meet a deadline falls upon the party that missed the deadline." *Bruce v. County of Rennselear*, No. 02-0084, 2003 WL 22436281 at *2 (N.D.N.Y. Oct. 20, 2003).

## CONCLUSION

Plaintiffs have failed to demonstrate excusable neglect, and the tangential arguments made in the Response to try and divert the Court's attention away from Plaintiffs' inability to adhere to established deadlines are insufficient to save Plaintiffs' class allegations. For these reasons and the reasons set forth in Defendants' opening briefs, the Court should grant Defendants' Motion to Strike and Motion for Protective Order.

Date: November 8, 2017

                                                          Respectfully submitted,

                                                **/s/ Jonathan W. Yarbrough**
                                                Jonathan Yarbrough,
                                                NC Bar No. 21316
                                                **CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
                                                84 Peachtree Road, Suite 230
                                                Asheville, NC  28803
                                                Telephone: (828) 277-5137
                                                Facsimile: (828) 277-5138
                                                jyarbrough@constangy.com

## RULE 7.1(D) CERTIFICATION

The undersigned certifies that the foregoing brief complies with Local Rule 7.1(d) of the Rules of Practice and Procedure of the U.S. District Court for the Western District of North Carolina; the requirements of Rule 3(b)(iv) of the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney, Misc. No. 3:07-MC-47 (Doc. No. 2); and Section 3(c) of the Amended Case Management Order (Doc. 35). Based on the Word count feature in Microsoft Word, the forgoing does not exceed 1,500 words.

This the 8th day of November, 2017.

**/s/ Jonathan W. Yarbrough**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of **DEFENDANTS' REPLLY IN SUPPORT OF MOTION TO STRIKE CLASS ALLEGATIONS AND DISMISS CLASS CLAIMS AND MOTION FOR PROTECTIVE ORDER** has been furnished to the below individuals via the Court's electronic filing system:

Eric Spengler
Spengler & Agans, PLLC
1713 East Blvd., Suite B
Charlotte, NC 28203

Andrew L. Fitzgerald
Fitzgerald Litigation
119 Brookstown Avenue, Suite 402
Winston-Salem, NC 27101

This the 8th day of November, 2017.

**/s/ Jonathan W. Yarbrough**
Jonathan W. Yarbrough
N.C. State Bar No. 21316
CONSTANGY, BROOKS,
SMITH & PROPHETE, LLP
84 Peachtree Road, Suite 230
Asheville, NC  28803
Telephone: (828) 277-5137
Facsimile: (828) 277-5138
jyarbrough@constangy.com